IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION
(at Montgomery)

| | | |
|---|---|---|
| MALCOLM D. STRICKLAND, JR. and JANELLE STRICKLAND, on behalf of themselves and all others similarly situated, | ) ) ) ) ) | Civil Action No. 2: 14-1040-DCR |
| Plaintiffs, | ) ) | |
| V. | ) ) | |
| MERSCORP, INC. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the plaintiffs' motion to remand the case to the Barbour County Circuit Court. [Record No. 14] On October 8, 2014, the defendants removed the action to this Court, asserting that it met the requirements for diversity jurisdiction under 28 U.S.C. § 1332. [Record No. 1] On November 7, 2014, the plaintiffs filed the present motion, arguing that the defendants fail to establish that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. [Record No. 14] Conversely, the defendants contend that the case meets the amount-in-controversy requirement because the value of the litigation from the plaintiff's perspective is the value of the property encumbered by the mortgage at issue, which greatly exceeds $75,000.00. [Record No. 19]

- 1 -

Having fully considered the matter, the Court finds that it lacks jurisdiction because the amount in controversy does not exceed the jurisdiction threshold, exclusive of interest and costs.  As a result, the matter will be remanded to the Barbour County Circuit Court.

## I.

According to the purported Class Action Complaint, Plaintiffs Malcolm and Janelle Strickland, individually and for a class of similarly-situated persons, seek a declaratory judgment and injunctive relief against Defendants MERSCORP, Inc. and Mortgage Electronic Registration Systems, Inc. ("MERS").  [Record No. 1-6, p. 1]  MERS is a wholly-owned subsidiary of MERSCORP.  Both MERSCORP and MERS are incorporated in Delaware and have their respective principal places of business in Virginia.  [Id., ¶ 3; Record No. 1, ¶ 7, 8]

On March 20, 2012, the Stricklands signed a mortgage document or "Security Instrument" securing a $210,160.00 loan they received from Embrace Home Loans, Inc. [Record No. 1-1, p. 57]  The contract identified Embrace Home Loans, Inc., as the lender and MERS as the lender's nominee.  [Id.]  Further, the mortgage document referenced the "Borrower's note," which set out the terms for repayment of the debt and was signed the same date as the mortgage document.  [Id.]  Additionally, the mortgage document stated that the Stricklands "hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, with power of sale, the following described property . . . ."  The document clarifies that the "Borrower understands and agrees that MERS holds only legal title to the interests granted

by the Borrower in this Security Instrument" and that MERS has the right to foreclose on the property and take action on behalf of the lender.  [Id. p. 58]

The Complaint asserts that the mortgage document was signed consistent with MERS' normal practice, which seeks to avoid formal assignments of mortgages.  Essentially, the borrower executed a promissory note to a financial institution that is a member of MERS.  [Record No. 1-1, ¶ 11]  That financial institution is the lender and the entity to whom repayment of the debt is owed.  [Id.]  In the same transaction, the borrower executed a mortgage that conveys a security interest to MERS as "nominee" for the lender.  As a result, the lender never received a mortgage document from the borrower.  [Id., ¶ 13]  Further, MERS never received the promissory note and is not entitled to any of the loan payments.  [Id., ¶ 14]

On September 4, 2014, the Stricklands filed an action against MERSCORP and MERS in Barbour County Circuit Court.  The plaintiffs claim that MERS is not a proper mortgagee under Alabama law because it does not provide consideration to borrowers in exchange for mortgages.  [Id., ¶ 17]  Consequently, they state that "[a]s to MERS, every mortgage document in Alabama purporting to name it as the mortgagee is therefore a nullity.  It is void *ab initio*."  [Id., ¶ 19]  The Stricklands seek the reformation of current Alabama mortgages designating MERS as the mortgagee "to reflect the identity of the correct mortgagee."[1]  [Id., ¶¶ 21−22]  Ultimately, the plaintiffs request a declaratory judgment that "MERS is not a mortgagee with rights of foreclosure and sale of real property of Plaintiffs and the Class, that such designations of MERS as the mortgagee are false and illusory, and

---

[1] The Complaint excludes certain judges who may have such mortgages.

- 3 -

that mortgages on all such real property in which MERS is designated as mortgagee are void as to MERS and due to be reformed to remove the designation of MERS as mortgagee." [Id., ¶ 29]  They also request injunctive relief by way of reformation of the mortgages to identify the true parties who possess rights of foreclosure and sale.  [Id., ¶ 30]

The defendants were served on September 8, 2014, and removed the action on October 8, 2014, asserting diversity jurisdiction.  [Record No. 1, p. 3 n.1]  They allege that they are both incorporated in Delaware with their principal places of business in Virginia. [Id., ¶¶ 7−8]  Further, the defendants indicate that the plaintiffs are citizens of Alabama.  [Id., ¶ 6]  They also claim that the amount in controversy exceeds $75,000.00, exclusive of interest and costs.  [Id., ¶ 21]

On October 29, 2014, the defendants filed a motion to dismiss the plaintiffs' Complaint.  [Record No. 10]  Shortly thereafter, the plaintiffs filed the present motion to remand. [Record No. 14]  The plaintiffs also filed a motion to stay proceedings regarding the motion to dismiss, to which the defendants filed objections.  [Record Nos. 15, 16]  The motion to stay is moot, to the extent it requests a stay of the briefing on the defendants' motion to dismiss.  Because the Court agrees with the plaintiffs that the matter should be remanded to the state court, any outstanding matters are left for resolution by the state court after remand.

## II.

A case filed in state court is removable only if it could have been brought in federal court originally.  *See* 28 U.S.C. § 1441(a); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 83 (2005).  Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over

- 4 -

civil actions between citizens of different states where the amount-in-controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a).  In the case of removal, the amount in controversy is assessed when the removal notice is filed.  *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). [2]

It is well-established that, where the plaintiff seeks only declaratory and injunctive relief, "the amount in controversy is measured by the value of the object of the litigation," which is viewed from the plaintiff's perspective.  *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 345 (1977); *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elec., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997).  Further, the removing party bears the burden of proving both diversity and the amount in controversy.  *Id.* at 219.  If the plaintiff "specifically requests" a certain amount of damages that is below the jurisdictional threshold in the ad damnum clause of his complaint, the "defendant must prove to a legal certainty" that the plaintiff's claim exceeds $75,000.00, exclusive of interest and costs.  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  But when damages are not specified, the removing party need only establish the jurisdictional amount by a preponderance of the evidence.  *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1208 (11th Cir. 2007).

In *Golden v. Dodge Markham Co.*, the district court held that the latter standard applied where the plaintiff's complaint alleged that the amount in controversy was "less than $75,000.00, including attorney's fees and excluding interests and costs," but the ad damnum

---

[2] The defendants complied with the procedural requirement of filing the Notice of Removal within 30 days of service pursuant to 28 U.S.C. § 1446(b)(1).

clause did not specify any dollar amount, making only a "general demand for certain types of relief."  1 F. Supp. 2d 1360, 1362–63 (M.D. Fla. 1998); *see also Barnes v. JetBlue Airways Corp.*, No. 07-60441, 2007 WL 1362504, *1 n.1 (S.D. Fla. May 7, 2007) (applying preponderance-of-the-evidence standard where clause other than ad damnum clause stated that damages were "in excess of $15,000, but less than $75,000"); *but see Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356–57 (S.D. Fla. 1998) (allegation of damages of "less than $75,000 but more than $15,000" required higher standard though court did not specify whether the allegation was in the ad damnum clause).  On the other hand, where the ad damnum clause specifies that relief is limited to "less than $75,000.00," the former burden applies.  *Ponce v. Fontainebleau Resorts, LLC*, 653 F. Supp.2d 1303–04 (S.D. Fla. 2009).

## III.

Diversity is not disputed.  Therefore, the only relevant question is whether the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   The parties disagree regarding which burden of proof applies.  The Complaint alleges that "less than $75,000 is in controversy for the Plaintiffs alone."  [Record No. 1-1, ¶ 6]  The Stricklands argue that the higher burden applies because the Complaint specifies that the amount in controversy is less than $75,000.00.  Conversely, the defendants contend that the lower burden applies because the phrase "less than $75,000" is not sufficiently specific.  [Record No. 19, p. 15]  While the phrase utilized by the plaintiffs is sufficiently specific, the Complaint's ad damnum clause contains no similar limit.   Rather, the clause contains only a general prayer for "just, equitable, and proper" relief."   [Record No. 1-1, p. 8] Accordingly, the preponderance-of-

the-evidence standard applies.  *See Golden*, 1 F. Supp. 2d at 1363.  In any event, the defendants fail to meet even that burden.

Courts have long held that the amount in controversy is established by reference to the value of the object of the litigation.  *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 218 (11th Cir. 1997).  The value of injunctive or declaratory relief is the monetary value of any benefit that would "flow to the plaintiff if the [relief] were granted."  *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000); *So. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315–16 (11th Cir. 2014).  The value is examined solely from the perspective of the plaintiff—the defendant's perspective is irrelevant.  *Mapp v. Deutsche Bank Nat. Trust Co.*, No. 3:08-CV-695, 2009 WL 3664118, at *2 (M.D. Al. Oct. 28, 2009) (citing *Ericsson*, 120 F.3d at 219–20).

In determining the value of the relief sought, the defendants ask the Court to evaluate the plaintiffs' likelihood of success in obtaining injunctive and declaratory relief.  On one hand, the plaintiffs contend that the mortgages are *void ab initio*, or that they never had any legal validity.  On the other, the plaintiffs assert that the mortgages should be declared void "as to MERS," and that all mortgages should be reformed to reflect the identity of the correct mortgagee.  The defendants contend that, under Alabama law, a "void" mortgage cannot be reformed.  [Record No. 1, p. 8]  The pertinent question, however, is what is in controversy in the case—not what (or whether) the plaintiffs are likely to recover.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010); *see also McDaniel v. Fifth Third Bank*, 568 F. App'x 729, 730 (11th Cir. 2013).  *See also St. Paul Mercury Indem. Co. v. Red Cab. Co.*, 303

U.S. 283, 289 (1938) ("the fact that the complaint discloses the existence of a valid defense to the claim" does not defeat jurisdiction).

Accordingly, the Court must assign a value to the relief sought by the plaintiffs to determine whether the jurisdictional threshold is satisfied.  At the very least, the plaintiffs seek reformation of their mortgage, substituting their lender for MERS as the mortgagee. The defendants have demonstrated no monetary value that the plaintiffs would derive from that result, as the mortgage ostensibly would be unchanged save the name of the mortgagee.

The plaintiffs also claim that the defendants, as the current mortgagees, do not have the right to foreclose on the mortgage.  Therefore, it is helpful to examine cases in which plaintiffs sought to enjoin foreclosure.  Federal courts in Alabama have resolved the issue using the following approaches:

> (1) the value of the property; (2) the amount of the mortgage (i.e., the balance due on the promissory note secured by the mortgage); (3) the value of a temporary delay of a foreclosure; or (4) a plaintiff's equity in the real estate subject to foreclosure.

*Mapp*, 2009 WL 3664118, at *1.  In foreclosure cases, the plaintiff has an interest in the right to retain ownership and title to her home, as well as the right to peacefully possess and enjoy her home.  *See e.g., Bourgeuis v. Wells Fargo Bank, N.A.*, No. 10-626, 2011 WL 836677, at *5 (S.D. Ala. Feb. 16, 2011).  *Mapp* and its progeny indicate that the imminence of foreclosure is a significant factor affecting the value of damages in these cases.  For example, if the plaintiff seeks a permanent injunction against foreclosure, the value of the relief may be measured by the fair market value of the property.  *See Mixon v. Nationstar Mortg., LLC*, 62 F. Supp. 3d 1321, 1328–29 (S.D. Ala. 2014) (citing *Waller v. Prof. Ins. Corp.*, 296 F.2d

545 (5th Cir. 1961) and *Ballew v. Roundpoint Mort. Serv. Corp.*, 491 F. App'x 25 (11th Cir. 2012)).  Conversely, when a plaintiff seeks to prevent foreclosure for an abbreviated period of time, the value "is surely much lower" than that of a permanent injunction.  *Id.* (quoting *Carstarphen v. Deutsche Bank Nat. Trust Co.*, No. 08-0511, 2009 WL 1537861, at *5 (S.D. Ala. June 1, 2009)).

Unlike the foregoing authorities, there is no indication that foreclosure is imminent and the Complaint does not seek an injunction against foreclosure.  The defendants have provided property records, which the plaintiffs do not dispute, indicating that the property is valued at $191,700.00.[3]  There is no indication, however, that the property value, or any percentage of it, represents the value that would "flow to the plaintiffs" should they succeed in obtaining the relief sought.  Accordingly, the defendants have not met their burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

Based on the foregoing analysis, it is hereby **ORDERED** as follows:

1.      The plaintiffs' motion to remand [Record No. 14] is **GRANTED**.

2.      Pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Barbour County Circuit Court for lack of subject matter jurisdiction.

3.      The motion to stay [Record No. 15] is **DENIED,** as moot**.**

4.      All other matters are left for resolution by the state court after remand.

---

[3] The defendants' Exhibit, a "Property Record Card," from the Barbour County Tax Appraiser's website does not indicate the year of the appraisal.  Defendant's Notice of Removal reports that the property "last appraised" for $191,700.00.

    5.      The Clerk of the Court is **DIRECTED** to take appropriate steps to effect the

remand.

    This 20th day of October, 2016.

Signed By:

*Danny C. Reeves*    DCR

**United States District Judge**